## GARDNER v. SHIPLEY.

An overseer, employed by the year, may obtain a sequestration of the crop on which he has a privilege, on making the affidavit required by law, though the year have not expired for which he was hired and the amount of his salary be not yet due. C. P. 275, § 6. Stat. 7 April, 1826, s. 9. It is not essential that the debt should have matured before a party can resort to this conservative measure.

APPEAL from the District Court of East Baton Rouge, *Burk*, J.

*Lacy*, for the appellant, relied on *Williams* v. *Duer*, 14 La. 537, *Neilson* v. *Pool*, 17 La. 212.

*Herron*, for the defendant. The action was premature. C. P. 14, 158. 3 La. 300. A sequestration cannot issue before the debt is due. It is urged that a sequestration is a conservative measure; so is attachment; but it was found necessary in order to give the right to attach before the debt falls due, to amend the law, and give such right in express terms. This has not been done as to sequestrations. 3 La. 300. 5 La. 345.

The judgment of the court *(Rost*, J. absent,) was pronounced by

SLIDELL, J. The plaintiff was employed, in January, 1848, by the defend-

---

* A similar judgment was pronounced, at the same time, in the case of *Medley et al.* against the same defendant.                                                             R.

ant as his overseer, for the year ending on the 4th January, 1849. On the 7th December, 1848, he obtained a sequestration upon affidavit charging that the crop of the preceding year had been entirely removed, that a portion of the crop of the then present year had been shipped by the defendant, and that he was shipping and disposing of the balance as fast as it was made; that the plaintiff had just reason to fear and believe that, unless a writ of sequestration should be issued, the entire crop would be removed beyond the jurisdiction of the court, in all probability out of the State; that a sequestration was necessary to secure his privilege, &c. The affidavit also stated, among the reasons for the plaintiff's apprehension, that the defendant had refused to give him any security in case the property was removed.

The defendant excepted to the plaintiff's demand as being premature, and moved the court to set aside the sequestration, "for that the same could not issue until plaintiff's right of action had arisen." The court below, being of opinion that the suit was premature, sustained the exception, dissolved the sequestration, and dismissed the suit. From this decision the plaintiff has appealed.

By the sixth clause of the 275th article of the Code of Practice, it is declared that, "a creditor by special mortgage shall have the power of sequestrating the mortgaged property, when he apprehends it will be removed out of the State before he can have the benefit of his mortgage, and will make oath of the facts which induced his apprehension." By the act of 1826 it was enacted that, in addition to the cases mentioned in article 275, the plaintiff may obtain a sequestration in all cases where he has a lien or privilege upon property.

The argument presented by the opposite party is, that the debt being unmatured could not be sued for, and the right to a sequestration being a mere accessory right must follow the fate of the principal. The text of the law does not require, in terms, that the debt secured by the mortgage, or privilege should have matured; and certainly its spirit is conservative, and, in our opinion, embraces the present case. The defendant forgets that, although it might be deemed part of the contract, that the plaintiff should not be paid until the end of the year, it was equally, by legal intendment, a part of the contract, that he should have the security of the crop for such payment. The intended removal of the entire crop would have been a breach of that contract; and the manifest object of the Code is to anticipate and prevent such an injury, when the party presents just grounds of apprehension. See *Neilson* v. *Pool*, 17 La. 212.

It is, therefore, decreed that the judgment of the court below be reversed, and that the cause be remanded for further proceedings according to law; the defendant paying the costs of this appeal.